IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON ADAMS, | ) |
| AIS #227841, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-9-MHT-CSC |
| | ) |
| CHERMANE BASKIN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Brandon Adams, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, filed pro se this civil rights action under 42 U.S.C. § 1983 alleging certain violations of his federally protected rights while incarcerated in the Bullock Correctional Facility in Union Springs, Alabama. Doc. 1. Plaintiff brings suits against the following defendants: (1) Correctional Officer Markis Crawford; (2) Correctional Officer Chermane Baskin; (3) Correctional Officer Clarence Giles; and (4) Correctional Officer Terrance Brooks. *Id*. at 1; *see also* Doc. 27 at 1. For relief, Plaintiff seeks monetary damages. Doc. 1 at 4.

Pursuant to the Court's orders, Defendants Crawford, Baskin, and Giles ("ADOC Defendants") filed an answer, special report and supporting evidentiary material addressing Plaintiff's claims for relief.[1] Doc. 27. The Court subsequently informed Plaintiff that ADOC Defendants' special report, as supplemented, may, at any time, be treated as a motion for summary judgment, and the Court explained to Plaintiff the proper manner to respond to a motion for summary judgment. Doc. 28. Plaintiff filed his response to ADOC Defendants' special report. Docs. 31, 32. This case is now pending on ADOC Defendants' motion for summary judgment. Upon consideration of such motion,

---

[1] In response to the Court's February 15, 2019, Order (Doc. 14), the General Counsel for the Alabama Department of Corrections provided Defendant Brooks' last known address, *in camera*. Doc. 21. Using the address provided, the Court directed Defendant Brooks to "file a response in this case [] advis[ing] the court whether he will seek legal representation. . . ." Doc. 22. On March 14, 2019, this Order was returned to the Court with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The next day, the Court directed the United States Marshal to "make a 'reasonable effort' to locate [Defendant] Brooks . . ." Doc. 25. While the U.S. Marshal attempted service three times, he was unable to locate Defendant Brooks. Doc. 26. And while Plaintiff was previously warned that it was his responsibility "to monitor this case to make sure that the persons whom Plaintiff wishes to sue have been served," (Doc. 4 at 4-5), Plaintiff has failed to provide an accurate service address for Defendant Brooks. Defendant Brooks is therefore, dismissed from this case, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that ADOC Defendants' motion for summary judgment is due to be GRANTED in part and DENIED in part.

## I. Standard

To survive the properly supported motion for summary judgment submitted by ADOC Defendants, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). "The leniency the Court must apply does not mean the normal summary judgment standard is discarded; nor can the Court accept factual averments completely unsupported by the record." *Jones v. Wal-Mart Assocs., Inc.*, No. 1:19-CV-03705-SDG, 2021 WL 243285, at *2 (N.D. Ga. Jan. 25, 2021) (citing *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("Although a *pro se* complaint is entitled to a less strict interpretation, a *pro se* plaintiff is not excused from meeting the essential burden of establishing that there is a genuine issue as to a fact material to his case. When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required.") (citation and punctuation omitted in original); *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) ("[A] *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."))

In this case, Plaintiff has established that there is a genuine issue as to a material fact to preclude summary judgment on his claim of excessive force.

## II. Factual Background

By way of overview, Plaintiff commenced this pro se action for alleged violations of his federally protected constitutional rights while confined at the Bullock Correctional Facility. Doc. 1. Plaintiff asserts, after he stabbed another inmate, ADOC Defendants assaulted him while he was handcuffed. *Id*. at 3. Plaintiff asserts ADOC Defendants' use of excessive force violated his Eighth Amendment rights. *Id*. at 2-4.

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff: On September 3, 2018, at approximately 8:48 a.m., Officer Terrance Brooks observed Plaintiff stab inmate Jimmy Parris twice with a handmade knife. Doc. 27-5. Pursuant to the incident report, Terrance Brooks then ordered Plaintiff to place the knife on the floor and place his hands behind his back. *Id*. Plaintiff complied with this directive. *Id*. At approximately 8:50 a.m., Sergeant Brittany Marshall took the weapon and escorted inmate Parris to medical. *Id*. Nurse Anna Hill conducted a medical exam and photographs were taken of inmate Parris' injuries. *Id*. According to the Inmate Body Chart, inmate Parris suffered "puncture wounds" to his shoulder and back. Doc. 27-7. Inmate Parris' statement on the chart asserted: "I don't know why he stabbed me." *Id*. Also, according to the incident report, when Sergeant Marshall questioned Plaintiff about the incident, he admitted to "cut[ting]" inmate Parris "because he did not want to go to F Dormitory." Doc. 27-5. Then at 10:05 a.m., Nurse Sheila Fields conducted a medical exam of Plaintiff. *Id*. Plaintiff's Inmate Body Chart shows no injuries were noted by the nurse, and, as his statement, Plaintiff asserted: "Officer jump [sic] on me." Doc. 27-8. Sergeant Marshall also took a photo of Plaintiff's face. Doc. 27-6. At approximately 10:23 a.m., Correctional Officer Rufus Williams escorted Plaintiff to restrictive housing. Doc. 27-5. Other than confiscation of another knife located in Plaintiff's left shoe, the incident report asserted "[n]o further incident occurred." *Id*.

While Plaintiff's sworn complaint and affidavit assert ADOC Defendants assaulted him, not only after he stabbed inmate Parris, while handcuffed on the floor, but also while he waited in the lobby to see medical (*see* Docs. 1, 32), the incident report only mentions dismissed defendant, Terrance Brooks as being present during the incident. Doc. 27-5. Plaintiff's affidavit acknowledges that his injuries were not documented on his body chart on September 3, but that he nonetheless needed to return to medical the next day due to his injuries. Doc. 32.

According to Plaintiff's September 4, 2018, body chart, there was "swelling noted to 'L' side of jaw" and in the area provided for Plaintiff's statement, Plaintiff asserted: "I want to report what happen [sic] to me." Doc. 31-3. Also on September 4, Plaintiff reported that he suffered from side rib

3

pain. Doc. 31-4. A few days later, Plaintiff had an x-ray taken of his mandible and face. Doc. 31-5. The reason for the exam was stated as "Altercation Left Side Pain" and in the space provided for findings was the following statement: "Multiple views of the facial bones demonstrates no evidence of acute bony or soft tissue injury. The orbital rims, nasal bones, and paranasal walls are intact. The paranasal sinuses are clear. There is no…foreign body or localized soft tissue swelling. . . ." Doc. 31-6. The x-ray report further added that Plaintiff had no identifiable fractures. *Id*.

On September 10, 2021, Plaintiff submitted a sick call request, asserting his "left eye been draining and closing up and hurting every [sic] since last week I need to see somebody about this." Doc. 31-7. During his medical appointment, Plaintiff stated he was hit in the eye and that his symptoms have persisted for one week. Doc. 31-8. In the area asking the medical worker to describe if any external trauma was apparent was the following statement: "None; slightly swollen near inner corner." *Id*. The report further asserts, while redness was noted and Plaintiff stated that his eye was excessively watering, there was no sensitivity to light and Plaintiff reported no throbbing. *Id*.

On September 21, 2018, a medical report was submitted, asserting Plaintiff suffered from dizziness, a nosebleed, and blurred vision. Doc. 31-9. In the section asking whether Plaintiff suffered from any injury, Plaintiff stated that he was kicked in the head 3 weeks prior. *Id*.

Then, on November 5, 2018, Plaintiff submitted a sick call request because "[t]he left side of [his] face has been hurting me for the last past [sic] 3 days, it's been hurting on and off back and forth since 9/3/18 But it has really been hurting lately." Doc. 31-12. Two days later, a "non-specific discomfort" report was issued, asserting that Plaintiff felt a "sharp and throbbing" pain on the left side of his face and that this pain began in "09/2018." Doc. 31-13. The medical provider's notes indicate that there were no signs of obvious discomfort during the exam and that there was neither swelling, nor redness. *Id*. And while the medical provider's notes indicate that there was a "slight indentation noted to 'L' side of face" there was no presence of fracture or discoloration. *Id*.

On November 10, 2018, Plaintiff submitted another sick call request. Doc. 27-10. As explanation for his request, Plaintiff asserted: "I need to be seen my face and jaw is hurting me bad I was assaulted by SGT. Clemson and Officer Redd 11/8/18 and was not taking [sic] to get a body chart. . . ." *Id*. The affidavits submitted by ADOC Defendants assert all three defendants have no knowledge of the incident involving Plaintiff on September 3, 2018. *See* Docs. 27-2, 27-3, 27-4.

Additional facts are set forth as necessary.

### III. Discussion

Plaintiff asserts, after he stabbed inmate Parris, ADOC Defendants assaulted him while he was handcuffed. Doc. 1 at 3. Specifically, Plaintiff asserts, after the stabbing, he complied with Officer

4

Terrance Brooks' orders to lay on the ground. Doc. 32 at 1. While handcuffed on the ground, Plaintiff states Defendants Crawford, Giles, and Officer Brooks kicked and "stomped several times in the back, the ribs, the head, and to the left side of [Plaintiff's] face." Doc. 1 at 3.; *see also* Doc. 32 at 1. As a result, Plaintiff maintains, he now has a permanent dent "from being assaulted that day." Doc. 1 at 3. Following this assault, Plaintiff explains he was then taken to medical, and, while waiting in the lobby, Defendant Baskin "struck [him] in the face several times (left side), while still being handcuffed behind the back." *Id*. Plaintiff asserts, he was eventually seen by a nurse, who performed an Inmate Body Chart. *Id*. Plaintiff states he was in so much pain following the assault, that he returned to medical for treatment and later, had an x-ray performed. *Id*. Plaintiff asserts ADOC Defendants' actions violated his rights under the Eighth Amendment. *Id*. at 2-4.

ADOC Defendants, however, contend, *inter alia*, they have no knowledge of the September 3 incident (*see* Docs. 27-2, 27-3, 27-4), Plaintiff's excessive force claim is without merit, Plaintiff's official capacity claims are barred by the Eleventh Amendment, and ADOC Defendants are entitled to qualified immunity. *See* Doc. 27.

**A. Absolute Immunity**

The capacity in which Plaintiff brings suit against ADOC Defendants is not clear from the complaint. To the extent Plaintiff seeks to sue ADOC Defendants in their official capacity, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S. Ct. 1114, 1125 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that ADOC Defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

5

**B. Excessive Force Claim**

**(i) Qualified Immunity**

With respect to Plaintiff's excessive force claim against ADOC Defendants in their individual capacity, ADOC Defendants argue, not only do Plaintiff's allegations fail to state a claim, but also, they are entitled to qualified immunity. "Under the doctrine of qualified immunity, if the defendant establishes that he was acting within the scope of his discretionary authority when the alleged excessive force occurred, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Skop [v. City of Atlanta*, 485 F.3d 1130, 1136-1137 (11th Cir. 2007)]. To defeat qualified immunity, a plaintiff must show both that a constitutional violation occurred and that the constitutional right violated was clearly established. *Fennell [v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009) (per curiam)]. In Eighth Amendment excessive force cases, however, 'the subjective element required to establish [the constitutional violation] is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution.' *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002)." *Bowden v. Stokely*, 576 Fed. App'x 951, 954-955 (11th Cir. 2014) (per curiam). "While . . . there is no *per se* rule barring qualified immunity in Eighth Amendment cases, where the plaintiff has sufficiently alleged or shown a material dispute of fact as to an excessive force claim, summary judgment based on qualified immunity is not appropriate. *See Skrtich [v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)]." *Bowden*, 576 Fed. App'x at 956.

Accordingly, the Court will consider whether Plaintiff's allegation that ADOC Defendants used excessive force against him after he stabbed another inmate, while handcuffed, which the Court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

**(ii) Excessive Force**

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id.* (internal quotations omitted).

On September 3, 2018, following the incident in which Plaintiff stabbed another inmate, Plaintiff told medical personnel an "officer jump on me." Regarding the objective component, a

6

plaintiff must show "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. (internal quotations omitted). In addition, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). The Court, however, further directed that "the relatively modest nature of [an inmate's] alleged injuries will no doubt limit the damages he may recover." *Id*. at 40.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)); *see also Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7-8, 112 S.Ct. 995; *see also Whitley*, 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson*, 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301. "When prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins*, 559 U.S. at 38 (internal quotations and citation omitted). Thus, in an excessive force case such as the one at hand, "the core judicial inquiry is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Bowden*, 576 Fed. App'x at 953 (internal quotations and citation omitted).

Plaintiff's evidence reflects that on September 3, 2018, Plaintiff stabbed an inmate, was then directed to lay on the ground by Officer Terrence Brooks, and, while on the ground in handcuffs, Defendants Crawford and Giles kicked and stomped his back, ribs, head, and face. Further, while in handcuffs waiting to see medical, Defendant Baskin struck Plaintiff in the face. Plaintiff's evidence

7

further reflects, while his body chart dated September 3, 2018, indicated no injury, Plaintiff nonetheless went to medical several times thereafter, with complaints of pain to his face, eye, and rib. In his medical reports, Plaintiff asserted he was kicked in the head and hit in the face and eye on or about September 3, 2018. The results of these medical appointments indicate, while Plaintiff suffered no fracture or evidence of acute bony or soft tissue injury to his face, there was observed redness in his eye and slight indentation to the left side of Plaintiff's face. *See* Docs. 1, 31-2, 31-4, 31-5, 31-6, 31-7, 31-8, 31-9, 31-12, 31-13, 32.

Even though ADOC Defendants dispute the version of events presented by Plaintiff, the Court is required at this stage of the proceedings to view the facts in the light most favorable to Plaintiff and draw all reasonable inferences from those facts in his favor. *Bradley v. Franklin Correctional Service, Inc.*, 739 F.3d 606, 608 (11th Cir. 2014); *Anderson v. Liberty Lobby*, 477 U.S. at 255 (all justifiable inferences are to drawn in favor of the party opposing summary judgment). In that vein, Plaintiff states, while handcuffed on the ground, Defendants Crawford and Giles kicked and stomped on Plaintiff's ribs, head, and face, and, while handcuffed and waiting to see medical, Defendant Baskin struck Plaintiff in the face. Plaintiff maintains he subsequently sought medical care and x-rays due to his pain and face swelling. This version of the events could support an excessive force claim. *Bowden*, 576 Fed. App'x at 954.

While ADOC Defendants deny any involvement in the incident on September 3, viewing the facts in the light most favorable to Plaintiff, the Court concludes ADOC Defendants are not entitled to qualified immunity as Plaintiff has alleged facts sufficient to survive ADOC Defendants' motion for summary judgment regarding Plaintiff's excessive force claim. *Skrtich*, 280 F.3d at 1301. Specifically, disputed issues of material fact exist regarding the need for the use of force, the nature of the force used, and whether ADOC Defendants acted "maliciously and sadistically" to cause harm. Consequently, the motion for summary judgment regarding Plaintiff's excessive force claim against ADOC Defendants in their individual capacity is due to be denied.

### IV. Conclusion

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. ADOC Defendants' motion for summary judgment (Doc. 27) be GRANTED in part and DENIED in part as addressed herein.

2. ADOC Defendants' motion for summary judgment regarding Plaintiff's claims for monetary damages lodged against ADOC Defendants in their official capacity be GRANTED and these claims be DISMISSED with prejudice as ADOC Defendants are entitled to absolute immunity from such relief.

3. ADOC Defendants' motion for summary judgment regarding Plaintiff's claim of excessive force lodged against them in their individual capacity be DENIED.

4. Defendant Terrance Brooks be DISMISSED from this case, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

5. This case be set for a bench trial on Plaintiff's excessive force claim against ADOC Defendants.

It is further

ORDERED that **on or before November 4, 2021**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 21st day of October 2021.

/s/ Charles S. Coody
CHARLES S. COODY,
UNITED STATES MAGISTRATE JUDGE